CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Publix Super Markets, Inc.
Merriann Metz General Counsel & Secretary
Publix Super Markets Inc.
3300 Publix Corporate Parkway
Lakeland FL 33811

May 03, 2024

# SERVICE OF PROCESS NOTICE

Item: 2024-5884

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | | |
|---|---|---|---|
| 1. | **Entity Served:** | Publix Super Markets, Inc. | |
| 2. | **Title of Action:** | Patricia Jackson vs. Publix Super Markets Inc, etc | |
| 3. | **Document(s) Served:** | Summons<br>Complaint for Damages<br>Plaintiff's Rule 5.2 Certificate of Service of Discovery Material<br>Plaintiff's First Request for Admission | |
| 4. | **Court/Agency:** | Cobb County State Court, Georgia | |
| 5. | **State Served:** | Georgia | |
| 6. | **Case Number:** | 24-G-2157 | |
| 7. | **Case Type:** | Negligence/Injuries | |
| 8. | **Method of Service:** | Hand Delivered | |
| 9. | **Date Received:** | Wednesday 05/01/2024 | |
| 10. | **Date to Client:** | Friday 05/03/2024 | |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Friday 05/31/2024 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>**(Name, City, State, and Phone Number)** | The Fitzpatrick Firm, LLC<br>Atlanta,GA<br>678-607-5550 | |
| 13. | **Shipped To Client By:** | Regular Mail and Email with PDF Link | |
| 14. | **Tracking Number:** | | |
| 15. | **Handled By:** | 111 | |
| 16. | **Notes:** | Also Attached:<br>* Plaintiff's first Interrogatories<br>* Plaintiff's First Request for Production of Documents | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

ID# E-W3L4PXVT-ZJY
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-2157
APR 26, 2024 02:40 PM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24-A-2157

$198.00 COST PAID

Jackson, Patricia

**PLAINTIFF**

**VS.**

Publix Super Markets Inc., DBA Publix
Doe, John

**DEFENDANTS**

## SUMMONS

TO: PUBLIX SUPER MARKETS INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Nathan Fitzpatrick**
**The Fitzpatrick Firm, LLC**
**14 Lenox Pointe NE**
**Atlanta, Georgia 30324**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of April, 2024.**

Clerk of State Court

STATE COURT OF COBB COUNTY, GEORGIA

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID# E-W3L4PXVT-XXV
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-2157
APR 26, 2024 02:40 PM
Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

PATRICIA JACKSON,

Plaintiff,

v.

PUBLIX SUPER MARKETS INC. d/b/a PUBLIX and JOHN DOE,

Defendants.

CIVIL ACTION NO.

## COMPLAINT FOR DAMAGES

COMES NOW, PATRICIA JACKSON, Plaintiff in the above-styled action, by and through her counsel of record, Nathan Fitzpatrick of the Fitzpatrick Firm, LLC, for a cause of action against the above-named Defendants, and hereby files this Complaint for Damages and shows the court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant Publix Super Markets Inc. is a foreign, for-profit corporation registered to do business in the State of Georgia with a principal office located at 3300 Publix Corporate Parkway, Lakeland, FL, 33811.

2.

Defendant Publix Super Markets Inc. may be served by serving the registered agent, Corporate Creations Network Inc. located at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066. It is subject to the jurisdiction and venue of this court.

3.

The true name of Defendant John Doe (hereinafter "Defendant Doe") is unknown to Plaintiff, who therefore sues said Defendant by such fictitious name. Plaintiff will amend this

Complaint to show said John Doe's true name and service address when the same has been ascertained. Plaintiff identifies John Doe as the manager of the subject Publix store owned by Defendant Publix Super Markets Inc.. Plaintiff alleges on information and belief that John Doe is in some manner responsible for the acts or omissions alleged herein.

4.

This action is for damages sustained by Plaintiff as a result of the injuries she sustained from a fall at the subject Publix store, store 1056, located at 3730 Carmia Dr SW, Suite 200, Atlanta, GA 30331, which is owned, operated, and managed by Defendant Publix Super Markets Inc..

5.

Jurisdiction and venue are proper in this Court over all claims and all parties.

**FACTS**

6.

On or about May 4, 2022, Defendant Doe was an agent, employee and/or servant of Defendant Publix Super Markets Inc. and at all relevant times on said date was acting within the scope of his agency, employment, or service and under the authority or at the direction of Defendant Publix Super Markets Inc.. Defendant Publix Super Markets Inc. is liable to Plaintiff for all damages caused by Defendant Doe under the doctrine of respondeat superior or vicarious liability.

7.

On or about May 4, 2022, Plaintiff entered the 3730 Carmia Dr SW, Suite 200, Atlanta, GA 30331 (hereinafter the "Store"), by the express or implied invitation of Defendant Publix Super Markets Inc..

8.

Defendant Publix Super Markets Inc. invited or induced customers, such as Plaintiff, to enter the premises to further its business and for a profit.

9.

While walking through the produce section at the subject store, unbeknownst to the Plaintiff, the floor had water on it causing Plaintiff to slide and fall on the floor.

10.

At all times pertinent to the facts giving rise to this Complaint, Plaintiff was exercising ordinary care for her own safety.

11.

The water on the floor, which caused Plaintiff to slip and fall, was not an open and obvious hazard and amounted to an unreasonable hazard or dangerous condition, of which Plaintiff was not aware and had no reason to be aware.

12.

Defendant Publix Super Markets Inc., its employees and agents, had actual or constructive knowledge of the hazardous condition present on the store's floor.

13.

Defendants failed to keep the premises in safe condition by failing to remedy the hazardous condition created by the water on the floor and by failing to warn customers, such as Plaintiff, against such hazards.

14.

Defendants failed to have in place reasonable inspection procedures to discover, detect and/or remove hidden hazardous conditions, such as the water on the floor; or, if Defendant Publix Super Markets Inc. had inspection procedures in place to discovery and remove hazardous conditions on its floors, Defendants failed to carry out such procedures on the date of Plaintiff's

fall.

15.

As a result of Defendants' failure to maintain its premises in a reasonably safe condition, Plaintiff slipped on the water left on the floor, fell, and suffered serious and permanent physical injuries from which she has suffered and continues to suffer great physical and emotional pain and suffering. In particular, the plaintiff experienced muscle, fascia, and tendon strain in the lower back, back muscle spasms, shoulder and arm strain, lower back injuries, osseous and subluxation stenosis affecting the vertebral foramina in the cervical region, as well as additional injuries to various other parts of the body.

16.

From May 4, 2022, through the date of filing this Complaint, Plaintiff has incurred very significant, reasonable, necessary, and continuing medical expenses in the amount of at least $50,000.00, from the injuries she sustained, and will continue to incur expenses in the future, in an amount to be proven at trial.

**COUNT I – NEGLIGENCE**

17.

Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 16 as if fully stated herein.

18.

At all times pertinent to the facts giving rise to this Complaint, Plaintiff was an invitee of Defendant Publix Super Markets Inc., having entered the store by the express or implied invitation of Defendant Publix Super Markets Inc..

19.

Pursuant to O.C.G.A. § 51-3-1 *et seq.*, Defendant Publix Super Markets Inc., its agents,

employees and representatives, had a duty to exercise ordinary care in keeping the premises safe.

20.

This statutory duty included a duty to inspect the premises for hidden dangers or defects.

21.

Defendant Publix Super Markets Inc., by and through its agents, employees and representatives, had actual or constructive knowledge of the hazardous condition causing Plaintiff's fall, and accordingly, Defendants had a duty to repair the condition or warn invitees of the presence of the known danger.

22.

The hazardous condition created by the water on the floor of the store was not an open and obvious hazard that was observable to Plaintiff, who was exercising ordinary care for her own safety as she walked through the store.

23.

Defendants knew of the hazardous condition or danger, or, by reasonable inspection should have been aware of such condition.

24.

Defendants breached their duties by, among other things:

(a) Failing to exercise ordinary care in keeping the premises safe;

(b) Failing to inspect the premises for hidden dangers or defects or to have in place reasonable inspection procedures;

(c) Failing to warn invitees, including Plaintiff, of the floor's hazardous condition; and

(d) Failing to maintain the premises in a reasonably safe condition free from hazardous conditions.

25.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious and permanent physical and emotional injuries from which she has suffered and continues to suffer great physical and emotional pain and suffering and has incurred special damages in the form of, among other things, medical expenses.

26.

Defendants are liable to Plaintiff for all damages directly and proximately caused by its negligence.

WHEREFORE, Plaintiff prays for the following relief from this Court:

(a) That Defendants be served with summons, process and a copy of this Complaint as provided by law;

(b) That Plaintiff receives a trial by jury of twelve (12) members;

(c) That Plaintiff obtains a judgment against Defendants for all damages allowable under Georgia law;

(d) That the costs of bringing this action be taxed against Defendants; and

(e) That Plaintiff receives such other and further relief as this Court deems just and equitable under the circumstances.

This 26th day of April, 2024.

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Attorney for Plaintiff

THE FITZPATRICK FIRM, LLC.
14 Lenox Pointe NE
Atlanta, GA 30324
Phone: 678-607-5550
Fax: 678-367-0101
nate@personalinjuryatl.com
admin@personalinjuryatl.com

ID# E-DMTSRBCJ-JYN
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-2157
MAY 09, 2024 12:13 PM
Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| PATRICIA JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS INC. d/b/a PUBLIX and JOHN DOE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>File No.: 24-A-2157 |

**AFFIDAVIT OF PRIVATE PROCESS SERVER**

My name is Shane Barron. I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 1st day of May 2024, I served Publix Super Markets Inc., with the SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFF'S RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL, PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT PUBLIX SUPER MARKETS INC., PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PUBLIX SUPER MARKETS INC., AND PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PUBLIX SUPER MARKETS INC., by handing it to Anna Moore, representative of Corporate Creations Network Inc., registered agent for Publix Super Markets Inc, at 2985 Gordy Parkway 1st Floor, Marietta, GA 30066.

5/6/24
Date

Shane Barron

Subscribed and sworn to before me,
This 6 day of May 2024

Notary Public

S PAYLOR
NOTARY
PUBLIC
Exp. Sept. 20, 2025
COBB COUNTY, GA